The opinion of the Court, was delivered by
Hobxblowjer, C. J.
The first effort of the counsel for the plaintiffs in C&tiorari, was to satisfy the Court, that the proceedings on soire faoias ought to be reversed, because they were founded on a void or erroneous judgment — or rather, that as well the original judgment, as the judgment on soire facias, ought to be reversed; and in support of this, they cited Walton v. VanDerhoof 1 Penn. Rep. 73, and Mills v. Sleght, 2 South. R. 565. It would bo a sufficient answer to the case of Walton v. VanDerhoof to say, that the Certiorari in that case, was directed to the Justice, and as appears by what was said by the Chief Justice, both Judgments were directly brought before the Court for review; whereas, if the original Judgment in this case is before us at all, it is only so, incidentally. We have not the record of that Judgment here; but only a soire facias and a declaration in scire faoias, founded upon and reciting it. If however we were prepared to say, that the Judgment set out in the declaration on soire faoias, was a void Judgment, an absolute nullity, as all void things are, 22 Vin. Abr. 13 Pl. 16, 17, Buckler’s case, 2 Co. 55. Cable v. Cooper, 15 John’s. R. 157. then indeed, though we should not pronounce a judgment of reversal of the void judgment, we should treat it as a nullity, and reverse the Judgment on soire facias, on the ground that the plaintiff had shown no record, to support it. But the Judgment however erroneous is not void. It is not, like the case mentioned by Chief Justice Kirkpatrick in Dickerson v. Robinson et al. (1 Halst. R. 195, 198) “ a mere mis-entry, made incautiously, and without any proceed *250 ing to support it;” but on the contrary, a valid judgment until reversed.
The other ease cited by the plaintiff’s counsel, that of Mills v. Sleght, (2 South. 565,) I confess gives them more color.. Mills had been sued as Sheriff, for an escape, and Judgment given against him. He removed tfhe cause by Certiorari, into this Court; and though the Court admitted, that an Executive officer to whom process is directed by a Court having jurisdiction of the matter, is bound to execute such process, without inquiring into the regularity, either of the process, or of the Judgment upon which it is founded; yet they reversed the Judgment against the Sheriff, because the judgment on which the execution had issued, had been entered against two defendants, on the confession of one only.
The Court in that case, went upon the ground, that though the Sheriff might have acted erroneously, yet as the Court, “ in the exercise of its high superintending power over inferior jurisdictions, is not merely to correct errors, technically speaking, but to inspect the whole proceeding, and to see that justice is rendered according to law, and as the judgment was not a valid one, if a judgment at all, it would be unjust to suffer the plaintiff to extort money from the sheriff, upon so rotten a foundation.”
I am not prepared to say, that I am satisfied with t'he reasoning of the Court in that case. It was certainly taking broad ground, and opening a wide field for investigation upon every Certiorari, and I do not see upon the principles of that case, how we can ever stop short of an inquiry into, and a decision upon the merits of every cause brought here on Certiorari to a justice’s Court. But the force of the case, as authority, applied to the one now before us, is entirely obviated, by the fact, that we cannot say, nor have we the slightest reason to suspect, from any thing on the record or elsewhere, that injustice has been done to the defendants.
Secondly. It was objected that the scire facias in this case had not been duly served. That the fifty-fourth section of the act constituting Courts for the trial of small causes, (Rev. Laws 643,) which requires only five days service of a writ of scire facias, has been virtually repealed by the fifth section of the act of February 1820 (Rev. Laws, 691, 692,) which requires at least six entire days service of such writ.
*251 But the answer of the defendant’s counsel to this objection, is conclusive. The latter act has no application to this matter, it is a supplement to the practice act, (Rev. Laws 413) by the one hundred and second section of which, it is declared that nothing therein contained shall be considered as applicable to, or in any way affect the Court for the trial of small causes. The act of 1820 Rev. Laws 691, and the practice act, Rev. Laws 413, are in pari materia, and must be taken together, (1 Kent’s Com. 433.)
The Judgment must therefore be affirmed.
Ford and Everson, Justices, concurred.

Judgment Affirmed.